

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Katherine M. Romano
Assistant United States Attorney

KMR/JRE/PL AGR
2024R00427

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*
*(973) 645-2700*

February 11, 2025

Michael V. Calabro, Esq.
Law Office of Michael V. Calabro, Esq.
466 Bloomfield Ave
Newark, NJ 07107

      Re:    <u>Plea Agreement with David McBrien</u>

Dear Mr. Calabro:

      This letter sets forth the plea agreement between your client, David McBrien ("McBrien"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on February 28, 2025, if it is not accepted in writing by that date. If McBrien does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from McBrien to the Indictment in *United States v. McBrien et al.*, Crim. No. 24-407 (MCA), charging him with conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349. If McBrien enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against McBrien for, from in or around January 2017 to in or around June 2022, conspiring to defraud the health care plan of the National Railroad Passenger Corporation ("Amtrak"), or participating in any offenses arising out of bribes or kickbacks paid in connection with the conspiracy.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against McBrien even if the applicable statute of limitations period for those charges expires after McBrien signs this agreement, and McBrien agrees not to assert that any such charges are time-barred.

### Sentencing

The violation of 18 U.S.C. § 1349 to which McBrien agrees to plead guilty in the Indictment carries a statutory maximum prison sentence of ten years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence may run consecutively to any prison sentence McBrien is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon McBrien is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence McBrien ultimately will receive.

Further, in addition to imposing any other penalty on McBrien, the sentencing judge as part of the sentence:

(1)  will order McBrien to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)  must order McBrien to pay restitution pursuant to 18 U.S.C. § 3663A;

(3)  may order McBrien, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4)  must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7);

(5)  pursuant to 18 U.S.C. § 3583, may require McBrien to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should McBrien be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, McBrien may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, McBrien agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as follows:

| Victim | Amount |
|---|---|
| National Railroad Passenger Corporation (Amtrak) Healthcare Plan | $234,778 |

Forfeiture

As part of McBrien's acceptance of responsibility, McBrien agrees to forfeit the following to the United States of America, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, McBrien obtained that constitutes or was derived, directly and indirectly, from gross proceeds traceable to the federal health care fraud conspiracy offense charged in the Indictment, and all property traceable to such property, which McBrien agrees was approximately $12,800.

McBrien further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, entitling the United States to forfeit substitute assets equal to the aggregate value of the forfeitable property described above, in an amount not to exceed $12,800 (the "Money Judgment"). McBrien consents to the entry of an order requiring McBrien to pay the Money Judgment, in the manner described below (the "Order"), and agrees that the Order will be final as to McBrien prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating McBrien's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. McBrien agrees that this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

McBrien waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. McBrien understands that criminal forfeiture is part of the sentence that may be

imposed in this case and waives any failure by the court to advise McBrien of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. McBrien waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. McBrien further understands that McBrien has no right to demand that any forfeiture of McBrien's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon McBrien in addition to forfeiture.

McBrien further agrees that, not later than the date McBrien enters the guilty plea, McBrien will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If McBrien fails to do so, or if this Office determines that McBrien has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on McBrien by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of McBrien's activities and relevant conduct with respect to this case.

## Stipulations

This Office and McBrien will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A

- 4 -

stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and McBrien waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

McBrien understands that, if McBrien is not a citizen of the United States, McBrien's guilty plea to the charged offense will likely result in McBrien being subject to immigration proceedings and removed from the United States by making McBrien deportable, excludable, or inadmissible, or ending McBrien's naturalization. McBrien understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. McBrien wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause McBrien's removal from the United States. McBrien understands that McBrien is bound by this guilty plea regardless of any immigration consequences. Accordingly, McBrien waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. McBrien also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Venue

McBrien agrees to waive and forego any and all challenges to venue in the District of New Jersey. McBrien understands and agrees that the Indictment to which he is pleading guilty was filed and is being adjudicated in the District of New Jersey.

McBrien further agrees not to assert in any appeal, motion or collateral attack, including a motion brought pursuant to 28 U.S.C. § 2255, any claim or argument challenging venue in the District of New Jersey, as set forth above.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against McBrien. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude McBrien from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between McBrien and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

VIKAS KHANNA
Acting United States Attorney

/s/ Katherine M. Romano

By: Katherine M. Romano
Jessica R. Ecker
Assistant U.S. Attorneys

APPROVED:

Bernard J. Cooney

Bernard J. Cooney
Chief, Health Care Fraud Unit

- 6 -

I have received this letter from my attorney, Michael V. Calabro, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, immigration, and venue consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

David McBrien

Date: 02/20/2025

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, immigration, and venue consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Michael V. Calabro, Esq.
*Counsel for Defendant*

Date: 2/20/2025

- 7 -

## Plea Agreement With David McBrien ("McBrien")

### Schedule A

1. This Office and McBrien recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

3. The applicable guideline is U.S.S.G. § 2X1.1, which provides that the base offense level for conspiracy is the base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty. Because the substantive offense is health care fraud, the applicable guideline is U.S.S.G. § 2B1.1.

4. Under U.S.S.G. § 2B1.1, the base offense level is 6. U.S.S.G. § 2B1.1(a)(2).

5. Because the offense involved losses totaling more than $150,000 but not more than $250,000, the Specific Offense Characteristic results in an increase of 10 levels. U.S.S.G. § 2B1.1(b)(1)(F).

6. Because McBrien was a minor participant in the criminal conspiracy, the offense level is decreased by two levels. U.S.S.G. § 3B1.2(b).

7. Accordingly, the total offense level is therefore 14.

8. As of the date of this letter, McBrien has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if McBrien's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

9. If McBrien establishes at sentencing that he has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 10; otherwise, McBrien's total Guidelines offense level will be 12 (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But

each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 16 months (if U.S.S.G. § 4C1.1 does not apply) or 12 months (if U.S.S.G. § 4C1.1 applies), and except as specified in the next paragraph below, McBrien will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 10 months (if U.S.S.G. § 4C1.1 does not apply) or 6 months (if U.S.S.G. § 4C1.1 applies), this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

13. This Office and McBrien agree to stipulate that the victim of McBrien's offense sustained losses in the amount listed below:

| Victim | Amount |
|---|---|
| National Railroad Passenger Corporation (Amtrak) Healthcare Plan | $234,778 |